IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT W. JOHNSON,  :
:
        Plaintiff,  :
:
     v.  : Civil Action No. 22-175-CFC
:
JODI L. CORDNER, et al.,  :
:
        Defendants.  :

Robert W. Johnson, Watertown, New York.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

July 5, 2022
Wilmington, Delaware

*CoL F. C*

**CONNOLLY, Chief Judge:**

Plaintiff Robert W. Johnson appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) He commenced this action alleging violations of his due process rights. (*See* D.I. 2-1 civil cover sheet). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges Defendants Jodi L. Cordner, Daniel Deleo, and Pennsylvania State Police Officer Gibson falsified traffic violations and court documents for an September 7, 2021 traffic citation issued against him. (D.I. 2) He alleges that Defendants Chad Lassiter  the Pennsylvania Human Relations Commissioners, John A. Cerino, Sandra Lynch, and the Alpha File Office denied him the right to due process and all other relief. There is no prayer for relief, but the civil cover sheet indicates that Plaintiff seeks $100,000,000. (D.I. 2-1)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

1

Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See*

*Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490

U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112

(3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably

meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual

scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523,

530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant

to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6)

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before

dismissing a complaint or claims for failure to state a claim upon which relief can be

granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court

must grant Plaintiff leave to amend the complaint unless amendment would be

inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in

the complaint as true and viewing them in the light most favorable to the plaintiff, a court

concludes that those allegations "could not raise a claim of entitlement to relief." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations"

are not required, a complaint must do more than simply provide "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v.*

2

*Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## III.    DISCUSSION

To the extent Plaintiff intended the Complaint to raise civil rights claims under 42 U.S.C. § 1983 or as a *Bivens* claim, the allegations are deficient.  To prevail on either a § 1983 claim or a Bivens claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527,

3

535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986; *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020); *see also Banks v. Roberts*, 251 F. App'x 774, 775 (3d Cir. 2007). There are no allegations that any defendant is a state actor or federal actor. In addition, the Complaint's scant facts fail to state a claim against any defendant and due process violations are alleged in a conclusory manner with no supporting facts. Finally, the traffic violations were issued by a Pennsylvania State Police Officer and, hence, it is not clear why the Complaint was filed in the United States District Court for the District of Delaware.

Accordingly, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

## IV.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile..

An appropriate Order will be entered.